IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| C.S., | : |
| | : |
| Plaintiff, | : Civil Action No. 25-477 |
| | : |
| KRISTI NOEM, SECRETARY | : Hon. _____ |
| U.S. DEPARTMENT OF HOMELAND | : |
| SECURITY, and U.S. DEPARTMENT | : |
| OF HOMELAND SECURITY | : Electronically Filed |
| | : |
| Defendants. | : |

**COMPLAINT – CLASS ACTION**

AND NOW COMES Plaintiff C.S., by undersigned counsel, and respectfully submits this Complaint – Class Action.  C.S. alleges the following:[1]

**A. Parties**

1. C.S. is a foreign national who until recently was in lawful F-1 student visa status.  C.S. resides within the Western District of Pennsylvania.

2. Defendant Kristi Noem is the Secretary of the U.S. Department of Homeland Security ("DHS").  Defendant Noem is sued in her official capacity.

3. Defendant DHS is a Department of the United States government.

**B. Subject Matter Jurisdiction and Venue**

4. This action alleges causes of action under the Administrative Procedure Act, 5 U.S.C. § 551 *et. seq.*

---

[1] The facts set forth in this publicly filed complaint have been simplified to prevent public disclosure of C.S.'s personally identifying information.  C.S. is filing a motion to permit C.S. and members of the Plaintiff Class to proceed in this case under pseudonyms and otherwise in a manner that does not require public disclosure of their identity.

5. Jurisdiction exists under 28 U.S.C. § 1331, because this case involves one or more questions arising under the Constitution and laws of the United States.

6. Venue is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims before the Court occurred in this judicial District.

### C. FACTUAL ALLEGATIONS AS TO NAMED PLAINTIFF

7. Until recently C.S. was enrolled at an educational institution within the Western District of Pennsylvania as a full-time student.

8. At all times relevant to this action, C.S. has been a "bona fide student" and pursued a "full course of study" within the meaning of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(15)(F)(i). At all times relevant to this action, C.S. was "pursuing a full course of study" at an approved educational institution and was "making normal progress toward completion of a course of study." 8 C.F.R. § 214.2(f)(5).

9. C.S. paid substantial tuition plus room and board to attend the educational institution.

10. On or about April 4, 2025, the educational institution informed C.S. that, "your SEVIS [Student and Exchange Visitor Information System] record has been terminated, which ends your F status."

11. Based on information and belief, DHS terminated C.S.'s SEVIS record based on a criminal records check.

12. C.S. has never been convicted of any crime.

13. C.S. was previously charged with disorderly conduct and public drunkenness. C.S. was arrested and detained for less than a day and then released. The district attorney of the applicable county withdrew all charges against C.S.

14. A Pennsylvania Court of Common Pleas subsequently issued an Order expunging C.S.'s criminal record.

15. A records search with the Pennsylvania State Police reveals that C.S. has no criminal record.

16. By terminating C.S.'s SEVIS record, DHS terminated C.S.'s F-1 visa and, in turn, placed C.S. out of lawful immigration status. Based on information and belief, DHS has taken this action based on an expunged criminal charge which did not result in any conviction nor interfere with CS's "normal progress toward completion of a course of study." 8 C.F.R. § 214.2(f)(5).

17. DHS terminated Plaintiff's SEVIS record without providing Plaintiff notice and an opportunity to be heard.

18. C.S. has suffered and will suffer irreparable harm as a result of Defendants' unlawful conduct.

## CLASS ACTION STATEMENT

19. The acts, practices, policies and conduct of which C.S. complains commonly affect a class consisting of: all student visa holders within the United States whose SEVIS records have been terminated by DHS based on criminal records checks showing only charges that do not interfere with the students' "normal progress toward completion of a course of study." 8 C.F.R. § 214.2(f)(5).

20. Persons within the scope of the class defined in paragraph 19 are hereinafter referred to collectively as members of the "Plaintiff Class."

21. The members of the Plaintiff Class are so numerous that joinder is impractical. Upon information and belief, the Plaintiff Class is comprised of hundreds of individuals.

22. There are questions of law or fact common to the Plaintiff Class. Indeed, this case focuses on one predominating issue -- whether Defendants have adopted an unlawful policy of terminating SEVIS records based on student interactions with law enforcement that as a matter of law do not interfere with a student's "normal progress toward completion of a course of study." 8 C.F.R. § 214.2(f)(5).

23. The claims of C.S. are typical of the claims of the members of the Plaintiff Class because all members of the Plaintiff Class have had their SEVIS records terminated notwithstanding their "normal progress toward completion of a course of study." 8 C.F.R. § 214.2(f)(5).

24. Defendants have acted on grounds that apply generally to the Plaintiff Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Plaintiff Class as a whole.

25. C.S. will fairly and adequately protect the interests of the Plaintiff Class. Plaintiff is willing and able to serve as representative of the Plaintiff Class. Plaintiff has no knowledge of any possible divergent interest between or among Plaintiff and any member of the Plaintiff Class. Plaintiff has engaged competent counsel having experience both in class litigation and immigration law.

## CLAIMS FOR RELIEF

### COUNT I

### Administrative Procedure Act

### (Arbitrary and Capricious Agency Action)

26. The allegations of Paragraph 1 to 25 are incorporated by reference as if fully rewritten herein.

27. DHS's termination of C.S.'s SEVIS record represents final agency action. *Jie Fang v. USCIS,* 935 F.3d 172 (3d Cir. 2019).

28. Defendants have engaged in "arbitrary [and] capricious" action in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). The decision to terminate the SEVIS record of C.S. and the members of the Plaintiff Class was neither reasonable nor reasonably explained.

29. The decision to terminate C.S.'s SEVIS record, and the SEVIS records of the members of the Plaintiff Class, was not supported by substantial evidence.

### COUNT II

### Administrative Procedure Act

### (Agency Action Not In Accordance With Law)

30. The allegations of paragraphs 1 to 29 are incorporated by reference as if fully rewritten herein.

31. DHS's termination of C.S.'s SEVIS record, and its termination of the SEVIS records of the members of the Plaintiff Class, was "not in accordance with law." 5 U.S.C. § 706(2)(A).

32. DHS's termination of C.S.'s SEVIS record, and its termination of the SEVIS record of the members of the Plaintiff Class, violated the INA and its implementing regulations, because

Plaintiff and the members of the Plaintiff Class, at all times relevant to this action, were making "normal progress toward completion of a course of study." 8 C.F.R. § 214.2(f)(5).

## COUNT III

### Administrative Procedure Act

### (Failure to Provide Constitutionally Required Notice and Opportunity to be Hearing)

33. The allegations of Paragraphs 1 to 32 are incorporated by reference as if fully rewritten herein.

34. C.S. and the members of the Plaintiff Class had a constitutionally protected liberty or property interest in their previously approved SEVIS records.

35. C.S. and the members of the Plaintiff Class have suffered and will suffer cognizable injuries including irreparable harm as a result of Defendants' conduct.

36. By depriving C.S. and the members of the Plaintiff Class of their constitutionally protected liberty and/or property interests without affording them procedural due process including specifically notice and an opportunity to be heard, Defendants violated the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

37. By taking final agency action without procedural due process, Defendants act in a manner that was "not in accordance with law." 5 U.S.C. § 706(2)(A).

WHEREFORE C.S. prays that the Court grant the following relief to C.S. and all members of the Plaintiff Class:

(a) A preliminary injunction directing that Defendants reinstate the SEVIS record of C.S. and all members of the Plaintiff Class and grant all appropriate ancillary relief such the entry of

an order directing Defendants to reinstate the ability of Plaintiff and members of the Plaintiff Class to engage in otherwise permissible employment; and

  (b) A permanent injunction consistent with the relief requested on a preliminary basis in paragraph (a) of this prayer for relief; and

  (c) A declaratory judgment pursuant to the 28 U.S.C. § 2201 declaring the policies and practices alleged herein to be unlawful; and

  (d) An award of incidental damages for all damages incurred by C.S. and the members of the Plaintiff Class as a result of Defendants' unlawful conduct; and

  (e) An award of attorney's fees and litigation costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and to the extent otherwise provided under law; and

  (f) An award of the costs of this action; and

  (g) Such further and additional relief as the Court deems just.

               Respectfully submitted,

Dated: April 8, 2025           s/Adrian N. Roe
                  Pa. Bar No. 61391
                  Robert S. Whitehill
                  Pa. Bar No. 15105
                  Law Office of
                  Adrian N. Roe P.C.
                  428 Boulevard of the Allies
                  First Floor
                  Pittsburgh, PA
                  412-400-3950
                  aroe@roelawoffice.com