IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| C.S. and D.T., | : | |
| Plaintiffs, | : | Civil Action No. 2:25-cv-477 |
| | : | |
| KRISTI NOEM, SECRETARY | : | Hon. William S. Stickman IV |
| U.S. DEPARTMENT OF HOMELAND | : | |
| SECURITY, TODD LYONS, ACTING | : | Filed Electronically |
| DIRECTOR, U.S. IMMIGRATION AND | : | |
| CUSTOMS ENFORCEMENT, | : | |
| U.S. DEPARTMENT | : | |
| OF HOMELAND SECURITY, | : | |
| U.S. IMMIGRATION AND CUSTOMS | : | |
| ENFORCEMENT, | : | |
| Defendants. | : | |

**MOTION FOR TEMPORARY RESTRAINING ORDER**

AND NOW COMES Plaintiffs C.S. and D.T., by their undersigned counsel, and respectfully move the Court to enter a Temporary Restraining Order ("TRO") reinstating their SEVIS records and returning them to lawful F-1 student status. The Court should grant this motion because the named plaintiffs[1] are able to establish each of the requirements for the entry of a TRO.

**I. Introduction**

This proposed class action is brought on behalf of foreign students who were admitted to the United States pursuant to "F-1" student visas. The foreign students attend various schools in various fields and in some cases pursue post-graduate "optional practical training." A large

---

[1] This motion uses pseudonyms consistent with the Motion Seeking an Order Preventing Disclosure of Personally Identifying Information (CM/ECF Doc. No. 2).

group of these individuals recently learned from their schools that their respective records in the Student and Exchange Visitor System "SEVIS" system had been terminated. Although none of the students were given notice of a proposed impending action and an opportunity to be heard, it appears that Defendants U.S. Department of Homeland Security and/or U.S. Immigration and Customs Enforcement caused the student's SEVIS records to be terminated based on criminal background checks. However, the background checks did not disclose convictions that might render the students removable (also known as deportable) pursuant to the Immigration and Nationality Act ("INA") such as convictions for "crimes involving moral turpitude" or "aggravated felonies." The background checks did not even disclose interactions with law enforcement that were sufficiently serious to interrupt the students' normal course of study thus potentially making them removable for failing to pursue a "full course of study" as required by 8 C.F.R. § 214(f)(5). Instead, the named plaintiffs and the members of the proposed Plaintiff Class were charged with lesser offense (such as traffic offenses) and in many cases the charges were dropped and/or expunged. In other words, neither the named plaintiffs nor the members of the proposed class have a criminal record of any kind that would justify termination of the student status and their forced departure from the United States. *Cf. Matter of Murat-Khan,* 14 I. & N. Dec. 465 (BIA 1973) (conviction for offense of residing where drug laws are violated and resulting 20 days of incarceration did not meaningfully disrupt education and thus did not constitute a failure to maintain lawful student status).

Plaintiff C.S. filed this action on April 7, 2025. Plaintiff D.T. has been added by the filing of the Verified First Amended Complaint – Class Action. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the named Plaintiffs now move for the entry of temporary restraining order restoring their SEVIS records. Plaintiffs request that the Court enter a

2

temporary restraining order so that the named Plaintiffs may immediately resume regular attendance at their respective educational institutions.[2]

## II.     Legal Standard

Rule 65 of the Federal Rules of Civil Procedure authorizes district courts to issue both temporary restraining orders and preliminary injunctions.

> To obtain a temporary restraining order or preliminary injunction under the Rule, a movant must show—
>
> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured ... if relief is not granted .... [In addition,] the district court, in considering whether to grant [temporary or preliminary relief], should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*New Jersey Staffing Alliance v. Fais*, 749 F.Supp.3d 511, 519 (D.N.J. 2023) (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 174 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transam. Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)).

### A.     Plaintiffs Can Show A Reasonable Probability Of Success On The Merits

Plaintiffs have brought this action under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) ("APA"). The Third Circuit has held that termination of SEVIS status by U.S. Immigration and Customs Enforcement ("ICE") (a component of Defendant Department of Homeland Security ("DHS")) represents "final agency action" and is subject to judicial review pursuant to the APA. *Jie Fang v. Director, United States Immigration and Customs Enforcement,* 935 F.3d 172, 186 (3d Cir. 2019). Plaintiffs have alleged that DHS and/or ICE

---

[2] Plaintiffs are concurrently filing a Motion for Preliminary Injunction seeking a preliminary injunction as to themselves and the members of the proposed Plaintiff Class.

acted arbitrarily and capriciously and not in accordance with law when they terminated the SEVIS status of Plaintiffs even though they were making "normal progress toward completion of a course of study," which is the legal requirement for remaining in student status. 8 C.F.R. § 214.2(f)(5). To preliminarily assess the merits, the Court need only compare the apparent basis for termination with the standard for compliance with student status. Neither the withdrawn (and expunged) charges of Plaintiff C.S. nor the dropped-for-court-costs traffic offense of Plaintiff D.T. begin to approach the type of criminal activity that interferes with the students' "progress toward completion of a course of study." 8 C.F.R. § 214.2(f)(5). In these circumstances, it is apparent that Plaintiffs can show that Defendants acted arbitrarily and capriciously and not in accordance with applicable law. It is also clear that DHS and/or ICE violated procedural due process standards by depriving the plaintiff students' recognized liberty and property interests in their education without prior notice and an opportunity to be heard. *See Doe v. Pennsylvania State University, supra.,* 276 F. Supp.3d 300, 308 (M.D. Pa. 2017) ("Neither the property interest in educational benefits temporarily denied nor the liberty interest in reputation, which is also implicated, is so insubstantial that suspensions may constitutionally be imposed by any procedure the school chooses, no matter how arbitrary."). Here the governmental actor is not the educational institution but DHS and/or ICE; however, the deprivation of constitutionally protected liberty and/or property interests suffered by the named plaintiffs without notice and an opportunity to be heard is equally severe.

      **B.**     **Plaintiffs Can Show Immediate And Irreparable Harm**

Revocation of Plaintiffs' SEVIS record has caused Plaintiffs' to be terminated from their respective academic programs. This type of disruption to an academic career has been held to constitute immediate and irreparable harm. *See Doe v. Pennsylvania State University,* 276 F.

Supp.3d 300, 314 (M.D. Pa. 2017) (citing *Doe v. Middlebury College,* Civil Action No. 15-CV-192, 2015 W.L. 5488109 at *3 (D. Vt. Sept. 16, 2015)).

### C.  There Is No Risk That Issuance Of A TRO Would Harm Others

Reinstatement of C.S. and D.T. to proper SEVIS status will have no negative impact on any person or agency.  DHS's and ICE's interests are already protected by the established standards that regulate student conduct and provide grounds for termination of student status and removal.  A student is subject to termination and removal if the student is not pursuing a full course of study because, for example, he or she has been arrested for a criminal violation and held by law enforcement for an extended period.  *See Daibo v. Attorney General of U.S.,* 265 Fed. Appx. 56, 62 (3d Cir. 2008) (unpublished) (student violated student status by conviction resulting in thirty-three months of incarceration) (citing both *Matter of Murat-Khan,* 14 I. & N. Dec. 451 (BIA 1973) (student actually incarcerated for 23 days violated student status) and *Matter of Murat-Khan,* 14 I. & N. Dec. 465 (BIA 1973) (convicted student who served 20 days of incarceration remained in valid student status)).  Moreover, the Immigration and Nationality Act provides various grounds of deportability that could apply to students (as well as all other non-citizens) who have been "convicted" of "crimes of moral turpitude," "aggravated felonies," "controlled substance[]," offenses and "[c]ertain firearms offenses."  8 U.S.C. § 1227(a)(2).

### D.    The Public Interest Favors Issuance Of A TRO

The public has a strong interest in allowing foreign students to pursue education so long as they comply with applicable standards.  Here there is no showing that the students have not complied with the applicable standards.  The public interest is not served by arbitrarily revoking s     tudent status on the basis of *de minimis* conduct that that does not provide a basis for termination of student status or removal under the Act or applicable regulations.  Moreover, the

public interests is served by complying with established precedent which recognizes the due process rights of students once admitted to the United States. *See Jie Fang v. Director, United States Immigration and Customs Enforcement,* 935 F.3d 172 (3d Cir. 2019).

### III. Conclusion

As of the date of this motion, two courts have already granted TROs in similar circumstances. *Liu v. Noem,* Case No. 25-cv-133-SE (D.N.H. April 10, 2025); *Wu v. Lyons,* No. 25-cv-1979 (E.D.N.Y. April 11, 2025). Plaintiffs respectfully urge this Court to enter a TRO and direct that Plaintiffs' SEVIS records be reinstated pending the Court's consideration of Plaintiffs' Motion for Preliminary Injunction.

Respectfully submitted,

Dated: April 14, 2025

s/Adrian N. Roe
Pa. Bar No. 61391
Robert S. Whitehill
Pa. Bar No. 15105
Law Office of
Adrian N. Roe P.C.
428 Boulevard of the Allies
First Floor
Pittsburgh, PA
412-400-3950
aroe@roelawoffice.com

## CERTIFICATE OF SERVICE

I certify that, on this 14th day of April 2013, I served a copy of the Motion For Temporary Restraining Order on Assistant United States Attorney Lee Karl at the following email address: Lee.Karl@usdoj.gov

                                              s/ Adrian N. Roe
                                              Adrian N. Roe

                                              Pa. Bar No. 61391
                                              Law Office of
                                              Adrian N. Roe P.C.
                                              428 Boulevard of the Allies
                                              First Floor
                                              Pittsburgh, PA
                                              412-400-3950
                                              aroe@roelawoffice.com