IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARYAMAN SHANDILYA, and, | ) | |
| PRATIK ADIKARI, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 25-477 |
| | ) | |
| v. | ) | JUDGE STICKMAN |
| | ) | |
| KRISTI NOEM, SECRETARY U.S. | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, TODD LYONS, ACTING | ) | |
| DIRECTOR, U.S. IMMIGRATION AND | ) | |
| CUSTOMS ENFORCMENT, U.S. | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, U.S. IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT[1], | ) | *(Electronic Filing)* |
| | ) | |
| Defendants. | ) | |

## RESPONSE IN OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY

The Court should deny Plaintiffs' Motion for Expedited Discovery, for five reasons:

1.      In APA cases – such as this one – discovery is generally not permitted, at *any* stage of the proceedings.  *See NVE Inc. v. HHS*, 436 F.3d 182, 195 (3d Cir. 2006); *Smith v. United States OPM*, 80 F. Supp. 3d 575, 587-88 (E.D. Pa. 2014); *Del. Dep't of Natural Res. & Envtl. Control v. USACOE*, 722 F. Supp. 2d 535, 546 (D. Del. 2010) ("The Third Circuit observes a strong presumption against discovery in APA cases"); *Pohl v. United States EPA*, No. 09-1480, 2010 U.S. Dist. LEXIS 116461, at *10-12 (W.D. Pa. Nov. 2, 2010) (discovery is "rare and often restricted in scope or duration" in APA cases).

2.      Even if discovery were permitted at some point later in the case (presumably, after Defendants filed their Answer), Plaintiffs have failed to demonstrate the types of special

---

[1] As of this date, not all Defendants have been properly served in accordance with Rule 4(i).

circumstances or "good cause" that would warrant expedited discovery here, on their pending motion for preliminary injunction.   *See Bancroft Life & Cas. Icc. v. Intercontinental Mgmt.*, No. 10-0704, 2010 U.S. Dist. LEXIS 162923, at *6-7 (W.D. Pa. July 23, 2010) (a party seeking expedited discovery in advance of Rule 26's typical timeframe must show, among other things, "some connection between the expedited discovery and the avoidance of [an] irreparable injury" and "some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted" (quotations omitted)); *Croft v. Donegal Twp.*, No. 2:20-cv-01430, 2020 U.S. Dist. LEXIS 216700, at *6 (W.D. Pa. Nov. 19, 2020).

In fact, Plaintiffs' instant motion explicitly *disclaims* any need for discovery.   ECF 23 at 1 ("Plaintiffs maintain that the **record submitted [at] the hearing on [the TRO] is sufficient** to support the granting of a preliminary injunction" (emphasis added)).   Plaintiffs merely offer that "the parties and the Court may benefit from the development of a more complete factual record." *Id*. at 1-2.   That is not a sufficient basis to grant wide-ranging, expedited discovery – especially in an APA case.

3.      Ultimately, the Motion for Preliminary Injunction (and Plaintiffs' Complaint) will turn primarily on legal issues; including whether the doctrine of consular nonreviewability applies, and precludes the Court from reviewing the revocation of the named Plaintiffs' visas.   *See, e.g., Moralez v. Blinken*, No. 1:21-cv-05726, 2021 U.S. Dist. LEXIS 221886, at *7 (D.N.J. Nov. 17, 2021); *Tarlinskaya v. Pompeo*, No. 3:19-cv-695, 2019 U.S. Dist. LEXIS 86911, at *5-6 (D. Conn. May 23, 2019); *Gao v. U.S. Dep't of Homeland Sec.*, No. 2:21-cv-03253, 2022 U.S. Dist. LEXIS 132742, at *18 (C.D. Cal. June 15, 2022); *Lem Moon Sing v. United States*, 158 U.S. 538, 545 (1895) (Congress may entrust the "final determination" of whether a foreign national may enter

the United States "to an executive officer," and "if it did so, his order was due process of law, and no other tribunal, unless expressly authorized by law to do so, was at liberty to re-examine the evidence on which he acted or to controvert its sufficiency"); *cf Fang v. Dir. U.S.C.I.S.*, 935 F.3d 172, 176  n.23 (3d Cir. 2019) ("Nonimmigrant visas may also be revoked at any time at the discretion of a 'consular officer or the Secretary of State' ... That mechanism of revocation is ... inapplicable in this appeal").   Further factual development will not assist Plaintiffs on those legal issues.

4.       The parties' briefs are due in seven days.  *See* ECF 22. It would be severely burdensome, if not impossible, for Defendants to conduct the contemplated discovery in that timeframe (including a Rule 30(b)(6) deposition that could require designees from multiple departments/agencies), particularly while litigating a series of similar suits and motions brought by nonimmigrants across the country.[2]

5.       As of this filing, the undersigned is unaware of any other court granting a request for expedited discovery in one of those similar suits.   Plaintiffs have offered no reason to handle this matter differently.

<div style="margin-left: 50%">

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*/s/ Samantha A. Stewart*
SAMANTHA A. STEWART
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U. S. Courthouse
700 Grant Street, Suite 4000

</div>

---

[2] Plaintiffs appear to still be considering what discovery to serve; they have not attached their contemplated requests or notices to their filing (or presented drafts to Defendants' counsel). At the very least, the Court should require Plaintiffs to submit their proposed requests/notice(s) to the Court before granting them wide latitude to serve any discovery they wish.

Pittsburgh, PA 15219
412-894-7562
412-644-6995
samantha.stewart@usdoj.gov
PA ID No. 310068

ADAM FISCHER
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U. S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
412-894-7343
412-644-6995
adam.fischer@usdoj.gov
PA ID No. 314548

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April, 2025, that the foregoing document was filed through the Court's ECF system, which will provide a copy to all counsel of record.

*/s/Samantha Stewart*
SAMANTHA STEWART
Assistant U.S. Attorney


*/s/ Adam Fischer*
ADAM FISCHER
Assistant U.S. Attorney