IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARYAMAN SHANDILYA, and, PRATIK ADIKARI, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 25-477 |
| v. | ) ) | JUDGE STICKMAN |
| KRISTI NOEM, SECRETARY U.S. DEPARTMENT OF HOMELAND SECURITY, TODD LYONS, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCMENT, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) ) ) ) ) ) | *(Electronic Filing)* |
| Defendants. | ) ) | |

## RESPONSE TO APRIL 25, 2025 ORDER

On April 25, 2025, the Court ordered the parties to address (1) whether they believe that Plaintiffs' claims in this action are moot; and (2) whether the hearing scheduled for April 30, 2025 remains necessary (ECF No. 29). As set forth below, Plaintiffs obtained their requested relief. And even if Plaintiffs argue they have remaining claims beyond their "Active" SEVIS records, such claims are not entitled to preliminary injunctive relief as Plaintiffs cannot show irreparable harm. Therefore, the Court should find that the pending Motion for Preliminary Injunction – and the Amended Complaint itself – are moot, and the April 30, 2025 hearing is not necessary. [1]

**1. Plaintiffs Obtained Their Requested Relief and Plaintiffs' Claims are Moot.**

---

[1] Plaintiffs in two similar actions filed in this District agreed their cases are moot in light of the reactivation of their SEVIS records and filed stipulations of dismissal to that effect earlier today. *See Patel v. Bondi, et al.*, 1:25-cv-101-SPB (Baxter, J.)(ECF No. 22); *See Kapatel v. Bondi, et al.*, 1:25-cv-103-SPB (Baxter, J.)(ECF No. 17).

### a. Procedural Background

On April 7, 2025, Plaintiffs filed their Amended Complaint (ECF No. 4) which is the operative complaint in this case. In the Amended Complaint, Plaintiffs assert three causes of action under the Administrative Procedures Act ("APA"). Count I contends Defendants' actions terminating Plaintiffs' SEVIS records were arbitrary and capricious. *Id*. at ¶¶ 41-43. Count II asserts that Defendant DHS's termination of Plaintiffs' SEVIS records was not in accordance with law because the Plaintiffs were making progress toward completion of study under 8 C.F.R. § 214.2 (f)(5). *Id*. at ¶¶ 45-46. Count III is a second APA claim against Defendants for allegedly not acting in accordance with law, but this claim alleges Defendants deprived Plaintiffs of their constitutionally protected liberty and/or property interests without affording them procedural due process, including notice and opportunity to be heard, under the Due Process Clause of the Fifth Amendment. *Id*. at ¶¶ 48-51.

On April 14, 2025, Plaintiffs filed a Motion for Temporary Restraining Order (ECF No. 7) on behalf of the named Plaintiffs, and a Motion for Preliminary Injunction on behalf of the named Plaintiffs and a proposed class of unnamed Plaintiffs (ECF No. 11; *see also* ECF No. 4 at ¶¶ 33-39) – each seeking the same substantive relief; namely: an order enjoining Defendants "from terminating the [SEVIS] record and F-1 visa status of the named Plaintiffs and the members of the Proposed Class" and directing Defendants to "set aside their prior decision to terminate the SEVIS records and visa status of the named Plaintiffs and the members of the proposed Plaintiff Class." (ECF Nos. 7-1 at 2 & 11-1 at 2.)

On April 15, 2025, the Court held a hearing on the Motion for TRO (ECF No. 15). At the hearing, the Court denied Plaintiffs' Motion Seeking an Order Preventing Disclosure of Information (ECF No. 21), and directed Plaintiffs to reveal their identities to Defendants. The

Court then granted in part and denied in part Plaintiffs' Motion for TRO (ECF No. 22). In doing so, the Court denied Plaintiffs' specific request for an order enjoining Defendants from terminating their SEVIS records and F-1 statuses, or directing Defendants to "set aside their prior [SEVIS and visa] decisions" and instead entered a more limited TRO, which merely prohibited Defendants from upsetting the status quo - by instituting, commencing, or beginning deportation processes against the two named Plaintiffs - during the pendency of the Motion for Preliminary Injunction (ECF No. 11).

### b. ICE's Position

On April 25, 2025, ICE provided the following notice to Defendants' counsel:

> ICE is developing a policy that will provide a framework for SEVIS record terminations. Until such a policy is issued, the SEVIS records for plaintiff in this case (and other similarly situated plaintiffs) will remain Active or shall be re-activated if not currently active. ICE maintains the authority to terminate a SEVIS record for other reasons, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act.

On April 28, 2025, ICE confirmed to Defendants' counsel that the SEVIS records for both Plaintiffs have been changed to "Active," and alerted Defendants' counsel that ICE "created the aforementioned policy regarding SEVIS record terminations" on April 26, 2025, but that said "policy is not yet available for circulation."

### c. Standard for Mootness

Mootness has been described as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Freedom from Religion Foundation, Inc. v. Connellsville Area School Dist.*, 127 F. Supp. 3d 283 (W.D. Pa. 2015) (citation omitted). The general principle of mootness is derived from the standing requirement set forth in Article III of the Constitution,

3

under which the exercise of judicial power depends upon the existence of a case or controversy. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993); *see also Ortho Pharmaceutical Corp. v. Amgen, Inc.*, 882 F.2d 806, 810-11 (3d Cir. 1989) ("Federal courts, having jurisdiction only to decide actual cases and controversies, are 'without the power to decide questions that cannot affect the rights of litigants in the case before them'") (citation omitted). As such, "a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996) (finding that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). *See also Ehrheart v. Verizon Wireless*, 609 F.3d 590, 596 (3d Cir. 2010) (quoting *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001)). Standing is assessed at the start of the litigation while mootness examines whether there is a live case throughout all stages of the judicial proceeding. *Zuch v. Comm'r of Internal Revenue*, 97 F. 4th 81, 93 (3d Cir. 2024); *W. Virginia v. Env't Prot. Agency*, 597 U.S. 697, 719 (2022). The burden to show a case is moot is borne by Defendants. *W. Virginia*, 597 U.S. at 718-19. Cases are moot when the defendant can show developments during litigation that "eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief." *Hamilton v. Bromley*, 862 F. 3d 329, 335 (3d Cir. 2017).

### d. Plaintiffs Have Obtained the Requested Relief

Plaintiffs' Amended Complaint (ECF No. 4) assert three claims seeking both injunctive and declaratory relief under the APA which are all based on the termination of their SEVIS records. Plaintiffs' Motion for Preliminary Injunction (ECF No. 11) seeks an order to enjoin Defendants "from terminating the [SEVIS] record and F-1 visa status of the named Plaintiffs and the members

of the Proposed Class" and to direct Defendants to "set aside their prior decision to terminate the SEVIS records and visa status of the named Plaintiffs and the members of the proposed Plaintiff Class." Plaintiffs' SEVIS records are now "Active"; the prior terminations of those records have been set aside; and Plaintiffs' F-1 statuses are not – and never were – "terminated."[2] Through this change in circumstances, Plaintiffs have obtained their requested relief.[3]

At this point, there is nothing left for the Court to determine as to Plaintiffs' requested relief. The redressability requirement relating to standing and mootness ensures that the asserted injury-in-fact is capable of resolution in a manner consistent with the traditional understanding of the judicial process. *See United States v. Texas*, 143 S. Ct. 1964, 1970(2023); *Raines v. Byrd*, 521 U.S. 811, 819(1997). For requested relief to satisfy this requirement, it "must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable

---

[2] There is a distinction between a SEVIS record and F-1 status, and that termination of a SEVIS record does not automatically terminate a nonimmigrant's F-1 "status."

[3] To the extent Plaintiffs cite to Mr. Shandilya's visa *revocation* as a grounds for relief, any attack on visa revocations is a non-starter, because the Department of State – which has total purview over visa decisions – is a non-party, and its visa-related decisions are shielded from judicial scrutiny by the doctrine of consular nonreviewability. *See* 8 U.S.C. §§ 1104(a), 1201(a), (g); *Alharbi v. Miller*, 368 F. Supp. 3d 527, 555 (E.D.N.Y. 2019)("the INA provides that a consular officer's decision to revoke a previously-issued visa is not subject to judicial review"); *Tarlinskaya v. Pompeo*, No. 3:19-cv-659, 2019 U.S. Dist. LEXIS 86911, at *5-6 (D. Conn. May 23, 2019) ("After the issuance of a visa ... the consular officer or the Secretary of State may at any time, in his discretion, revoke such visa ... There shall be no means of judicial review ....") (quoting 8 U.S.C. § 1201(i)); *Gao v. U.S. Dep't of Homeland Sec.*, No. 2:21-cv-03253, 2022 U.S. Dist. LEXIS 132742, at *18 (C.D. Cal. June 15, 2022) (F-1 student could not challenge visa revocation). Moreover, Plaintiffs do not hold a protected liberty or property interest in their visa. *See Knoetze v. United States Dep't of State*, 634 F.2d 207, 212 (5th Cir. 1981) ("Since deportation does not automatically follow visa revocation and any resulting deportation proceeding includes significant procedural safeguards, we hold that the revocation of an alien's visa jeopardizes no liberty or property interest entitled to constitutional protection."); *Doe v. United States Dep't of Homeland Sec.*, No. 2:20-cv-09654, 2020 U.S. Dist. LEXIS 218715, at *13-14 (C.D. Cal. Nov. 20, 2020) ("the Supreme Court" – in *Kleindiest v. Manuel*, 408 U.S. 753, 762 (1972) – made clear that "there is no protected interest in entry to the United States, nor in obtaining or continuing to hold a visa"); *Louhghalam v. Trump*, 230 F. Supp. 3d 26, 35 (D. Mass. 2017).

decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). With respect to claims for legal or equitable relief, a favorable opinion need not relieve every injury; the judgment need only relieve a discrete injury." *Larson v. Valente*, 456 U.S. 228, 243 n.15 (1982).

Plaintiffs' claims are based on the termination of their SEVIS records, and Plaintiffs seek the discrete remedy of having their SEVIS records changed to "Active" and their F-1 statuses restored (to the extent they were ever terminated). (*See* ECF No. 11-1.) Plaintiffs' specifically seek in their Proposed Order for their Motion for Preliminary Injunction the following relief:

> Defendants are preliminarily enjoined from terminating the Student and Exchange Visitor Information System ("SEVIS") record and F-1 visa status of the named Plaintiffs and the members of the proposed Plaintiff Class;
>
> and Defendants must set aside their prior decision to terminate the SEVIS records and visa status of the named Plaintiffs and the members of the proposed Plaintiff Class.

*See* ECF No. 11-1.

This has been done (or, in the case of the F-1 statuses, was unnecessary). And Plaintiffs cannot rely on their past terminated records to maintain a claim for injunctive or declaratory relief. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). Federal courts have "no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Here, Plaintiffs' SEVIS records have been changed to "Active". Any determination by the Court as to Plaintiffs' past records would be rendering an advisory opinion on an issue which is not before the Court.

**2. The April 30, 2025 Hearing Is Not Necessary**

Because Plaintiffs obtained their requested relief, the April 30, 2025 preliminary injunction hearing is not necessary. The Court should likewise terminate the preliminary injunction briefing schedule (ECF No. 27) and the expedited discovery order (ECF No. 25).[4]

To obtain preliminary injunctive relief, Plaintiffs must show that, without a preliminary injunction, they will more likely than not suffer irreparable injury while proceedings are pending. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), as amended (June 26, 2017). Plaintiffs contend in their Motion for Preliminary Injunction that the revocation of Plaintiffs' SEVIS records, and the resulting interruption of their academic careers, constitutes immediate and irreparable harm (ECF No. 11 at 5). Now, Plaintiffs will not suffer their alleged irreparable harm because their SEVIS records have been changed to "Active" and their F-1 statuses remain unaffected. Plaintiffs can resume their academic careers.

Further, to the extent Plaintiffs argue they have claims or injuries that are not addressed by the change of their SEVIS records to "Active", Plaintiffs cannot show irreparable harm as to these claims. Plaintiffs can offer no evidence that without a preliminary injunction, the Court will be unable to decide the case or give them meaningful relief on such claims. *See Del. State Sportsmen's Ass'n v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 205 (3d Cir. 2024) (affirming no irreparable harm as "the challengers offered no evidence that without a preliminary injunction, the District Court will be unable to decide the case or give them meaningful relief."). There is no evidence that any purportedly remaining claims cannot be cured by the Court's final judgment on

---

[4] In light of Plaintiffs' Response to Court Order (ECF No. 32), Defendants agree on the need for a status conference to address the current posture of the case. However, Defendants can file their Brief in Response to Plaintiffs' Motion for Preliminary Injunction forthwith if so ordered by the Court.

this case, and that alone supports that Plaintiffs cannot obtain preliminary injunctive relief. *Id*. at 205, citing *Pennsylvania ex rel. Creamer v. U.S. Dep't of Agric.*, 469 F.2d 1387, 1388 (3d Cir. 1972) (per curiam) ("[t]he challengers have shown no harms beyond ones that can be cured after final judgment. That finding alone suffices to support the District Court's denial of a preliminary injunction."). As Plaintiffs no longer can show irreparable harm, they no longer have a viable claim for preliminary injunctive relief.  The April 30, 2025 hearing is not necessary, and the Court should likewise terminate the preliminary injunction briefing schedule (ECF No. 27) and expedited discovery order (ECF No. 25).

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*/s/ Samantha A. Stewart*
SAMANTHA A. STEWART
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U. S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
412-894-7562
412-644-6995
samantha.stewart@usdoj.gov
PA ID No. 310068

*/s/ Adam Fischer*
ADAM FISCHER
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U. S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
412-894-7343
412-644-6995
adam.fischer@usdoj.gov
PA ID No. 314548

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2025, that the foregoing document was filed through the Court's ECF system, which will provide a copy to all counsel of record.

*/s/Samantha Stewart*
SAMANTHA STEWART
Assistant U.S. Attorney


*/s/ Adam Fischer*
ADAM FISCHER
Assistant U.S. Attorney